# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MARY A. MILLER,
Appellant,

v.

DEPARTMENT OF THE INTERIOR,
Agency.

DOCKET NUMBER
SF-0752-11-0766-M-1

DATE: December 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Edward H. Passman, Esquire, Washington, D.C., for the appellant.

Mike Gieryic, Anchorage, Alaska, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The U.S. Court of Appeals for the Federal Circuit remanded this matter to the Board with instructions to instate the administrative judge's initial decision as the final decision of the Board. *Cobert v. Miller*, 800 F.3d 1340, 1351 (Fed. Cir. 2015).  As instructed by the court, we hereby VACATE the Board's December 6,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2013 Opinion and Order, and we INSTATE the administrative judge's January 6, 2012 initial decision as the final decision of the Board in this matter.

¶2        The agency removed the appellant for failure to accept a management-directed reassignment to a new position. *Miller v. Department of the Interior*, MSPB Docket No. SF-0752-11-0766-I-1, Initial Appeal File (IAF), Tab 1 at 4, 7, Tab 3, Subtabs 4e, 4h, 4m. She filed an appeal with the Board seeking reversal of the removal on several grounds, including the affirmative defenses of discrimination based on race, sex, and physical disability, and retaliation for protected equal employment opportunity activity. IAF, Tab 1 at 5. The administrative judge found that the agency proved by preponderant evidence that its decision to reassign the appellant was based upon legitimate management reasons and that it gave adequate notice to the appellant. IAF, Tab 16, Initial Decision (ID) at 12, 19-20. The administrative judge found that there was no dispute that the appellant declined the management-directed reassignment. ID at 20. The administrative judge further found that the appellant was qualified to perform the duties of the new position. ID at 20-21. The administrative judge found that the appellant failed to meet her burden of proof on each of her affirmative defenses and that the penalty was reasonable and promoted the efficiency of the service. ID at 22-30.

¶3        The appellant filed a petition for review with the Board, and the Board vacated the initial decision, reversed the appellant's removal, and ordered the agency to reinstate her to her former position. *Miller v. Department of the Interior*, 2013 MSPB 27, ¶¶ 1, 4, 10-11. The Board subsequently reopened the case, vacated its earlier decision, and issued a new Opinion and Order that still vacated the initial decision and reversed the removal action. *Miller v. Department of the Interior*, 119 M.S.P.R. 438, ¶¶ 1-2 (2013). In pertinent part, the Board found that the burden-shifting analytical framework applied by the administrative judge based on earlier precedent was cumbersome and unnecessary. *Id.*, ¶ 8. The Director of the Office of Personnel Management

petitioned the Board for reconsideration. *Miller v. Department of the Interior*, 120 M.S.P.R. 426, ¶ 1 (2013). The Board denied the Director's petition and affirmed its prior decision as modified, further clarifying that, although it was abandoning the burden-shifting approach, it was in no way departing from any of the jurisprudential principles otherwise governing its review of an adverse action based on a refusal to accept a geographic reassignment. *Id.*, ¶¶ 1, 12.

¶4 Pursuant to 5 U.S.C. § 7703(d), the Director petitioned for review with the U.S. Court of Appeals for the Federal Circuit, which granted the petition and reversed the Board's decision. *Cobert*, 800 F.3d at 1342, 1351. The court concluded that the administrative judge properly utilized the analytical framework for deciding an appeal of a removal action based upon refusal to accept a reassignment, a framework that had been set forth in *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294, 298-99 (1980), and adopted by the court in *Frey v. Department of Labor*, 359 F.3d 1355, 1360 (Fed. Cir. 2004), as the law of the circuit. *Cobert*, 800 F.3d at 1344, 1349, 1351. The court further found no basis to disturb the administrative judge's credibility determinations and findings of fact underlying her conclusions that the agency had made out a prima facie case that the decision to reassign the appellant was supported by legitimate management reasons and that the appellant had failed to rebut that prima facie case. *Id.* at 1351. The court, therefore, reversed the Board's decision. *Id.* The court remanded the case to the Board with instructions to instate the administrative judge's initial decision as the final decision of the Board. *Id.*

¶5 Accordingly, as instructed by the court, we hereby vacate the Board's December 6, 2013 Opinion and Order, and we instate the administrative judge's January 6, 2012 initial decision as the final decision of the Board in this matter. *See* 5 C.F.R. § 1201.113.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature upon delivery, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE
> Suite 5SW12G
> Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.